UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAMON SHAWN LLOYD,**

    **Plaintiff,**

    **v.**
                                     **Civil Action 2:13-cv-1158**
                                     **Judge James L. Graham**
                                     **Magistrate Judge Elizabeth P. Deavers**

**GARY MOHR,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, Damon Shawn Lloyd, a state inmate who is proceeding without the assistance of counsel, brings this action against Defendants, employees of Ohio Department of Rehabilitation and Correction ("ODRC") and Chillicothe Correctional Institution ("CCI"), under 42 U.S.C. § 1983, alleging constitutional violations arising from Defendants' handling of his legal mail. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

**I.**

According to the Complaint, on Wednesday, November 21, 2012, Plaintiff turned over mail to CCI's prison cashier relating to his appeal to the State of Ohio Twelfth District Court of Appeals of the state trial court's denial of his request for a new trial. The state appellate court did not receive the mail until November 29, 2012. Plaintiff alleges that as a result of this delay, the state appellate court dismissed his appeal.

After Plaintiff learned that his appeal was untimely, he filed an informal complaint resolution against CCI's cashier's office and mailroom personnel. (Dec. 30, 2012 ICR, ECF No. 1-3.) CCI's cashier supervisor responded to Plaintiff's informal complaint, indicating that Plaintiff failed to date his cash slip such that the cashier's office could not discern when he turned in his mail to the mailroom. She indicated that the cashier received the mail at issue on November 26, 2012, at which time the mail was processed and placed in outgoing mail. (*Id.*) CCI's cashier further indicated that Plaintiff could not count November 22, 2012, which was a holiday (Thanksgiving), or November 24th and 25th as these were weekend days and no mail moves on weekend. (*Id.*) Plaintiff subsequently filed a Notification of Grievance ("NOG"), again complaining that his legal mail was not processed in a timely manner. (Jan. 5, 2013 NOG, ECF No. 1-3.) Following an investigation, CCI's Institutional Inspector, Corby Free, denied Plaintiff's grievance, indicating that Plaintiff failed to date his cash slip. (Jan. 23, 2013 NOG Disp., ECF No. 1-3.) Mr. Free also noted that even if Plaintiff had turned in his cash slip on November 21st, it was processed and mailed on the fourth business day after he submitted it (excluding the holiday and weekend). (*Id.*) Mr. Free advised Plaintiff to "[p]lease be aware in the future that there might be more time needed for your mail to be processed around weekends and holidays." (*Id.*) The Chief Inspector denied Plaintiff's subsequent appeal. (Mar. 22, 2013

Dec. of Chief Inspector, ECF No. 1-4.) The Chief Inspector again indicated that Plaintiff had failed to provide a date on his cash slips on file. He further indicated that a review of CCI's records revealed that it received a cash slip for $5.30 on November 23, 2012, and a cash slip for $6.80 on November 26, 2012. (*Id*.) The Chief Inspector stated as follows:

> "[B]ased upon the dates your Cash Slips were received and processed by the Cashiers Office, your legal mail was delivered within a reasonable time frame. To avoid concerns in the future relative to your legal mail meeting deadlines, you should ensure your outgoing mail is processed well in advance of due dates."

(*Id*.)

Upon completion of the grievance process, Plaintiff filed the instant action under 42 U.S.C. § 1983 alleging that Defendants' actions violated his constitutional right of access to the courts. More specifically, he alleges he was denied access to courts because of Defendants' "mishandling, purposefully or negligently, of his legal mail." (Compl. ¶ 5, ECF No. 4.) Plaintiff maintains that if Defendants had properly processed the mail he tendered on November 21, 2012, the state appellate court would have timely received his appeal. In terms of relief, Plaintiff seeks monetary damages and injunctive relief in the form of an order requiring Ohio state courts to recognize the prison mailbox rule and requiring the state appellate court to recognize his appeal as timely. He also asks the Court to prospectively enjoin Defendants from retaliating against him for filing the instant action.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

3

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   \*  \*  \*
>
> (B) the action or appeal--
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

  To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1]Formerly 28 U.S.C. § 1915(d).

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

The Undersigned concludes that Plaintiff has failed to state a plausible federal claim. It is well settled that "[p]risoners have a First and Fourteenth Amendment right of access to the courts." *Sims v. Landrum*, 170 F. A'ppx 954, 956 (6th Cir. 2006) (citing *Lewis v. Casey*, 518 U.S. 343, 354 (1996)). In order to survive a motion to dismiss, a plaintiff must sufficiently allege both actual injury *and* that the defendant's conduct was intentional or deliberate as contrasted with mere negligence. *Id*. In *Sims*, the United States Court of Appeals for the Sixth

Circuit explained these elements as follows:

> In assessing whether a State has violated [an inmate's First and Fourteenth Amendment right of access to the courts], we ask whether the claimant has demonstrated an "actual injury," *see Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005), and, if so, whether the claimant has alleged that more than mere negligence by the state actor caused the injury, *see Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993) ("These actions, if proven, and if intentional, support the claim that prison officials are attempting to deny prisoners effective access to the courts."); *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005) ("[P]laintiff's claim that a right of access to the courts has been impeded requires him to allege intentional conduct interfering with his legal mail, and does not require an additional showing of malicious motive. By contrast, when access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs.") (citations and footnote omitted); *Scheeler v. City of St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005) ("[O]ur circuit has held that the right to access derives from the First Amendment. In order to prevail on such a claim, the Scheelers must show that the defendants acted with some intentional motivation to restrict their access to the courts.") (citations omitted); *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004) ("[A]n allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts."); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1277 (3d Cir. 1994) ("It is [ ] clear that a negligent deprivation of Due Process will not sustain a § 1983 claim."); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 848–49, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."). "To survive a motion to dismiss . . ., a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Nonetheless, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (citation omitted).

*Id.* at 956–57.

In *Sims,* six days lapsed between when the inmate delivered his legal mail to the prison official and when the mail was put in outgoing mail, causing the inmate to miss a filing deadline by four days. *Id.* at 955. The prison explained that two days of the delay were attributable to the time of day the inmate submitted the mailing and the fact that the prison official responsible for

6

processing the mail was off the following business day. The prison further explained that three days of the delay were attributable to an intervening holiday and weekend. *Id*. In claiming unconstitutional access to courts, the inmate cited the prison's policy requiring mail to be processed "as soon as possible, but it is not required to be processed . . . until the next business day" and alleged that he had informed the prison official of his time-sensitive court deadline. *Id*. He also alleged that the prison official had previously delayed in processing a piece of his mail and claimed that the prison official's behavior demonstrated "reckless and callous indifference to [his] federally protected right." *Id*. at 957. The trial court *sua sponte* dismissed the inmate's access to court claim under § 1915(e)(2)(B)(ii), explaining that the inmate's allegations regarding the prison official's behavior "'at best [] establish merely that the defendant may have been negligent in handling plaintiff's legal mail.'" *Id.* at 956 (quoting *Sims v. Landrum*, No. 04-74945-DT, at *2–3 (E.D. Mich. Jan. 11, 2005)). The Sixth Circuit affirmed the trial court, reasoning as follows:

> These incidents, in the absence of any allegation that [the prison official] intentionally slowed the processing of his mail either then or now in violation of prison policy, do not aid [the inmate's] case. Nor can merely alleging recklessness without alleging facts to support the assertion save the claim from dismissal.

*Id*. (citing *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 1997)).

Applied here, even accepting as true Plaintiff's allegation that he turned over the mail at issue on November 21, 2012, the Undersigned finds that Plaintiff has failed to state a plausible § 1983 claim because he has failed to sufficiently allege that any Defendant acted intentionally or deliberately. Rather, as set forth above, he alleges that he was denied access to courts because of Defendants' "mishandling, purposefully or negligently, of his legal mail." (Compl. ¶ 5, ECF No. 4.) As the *Sims* Court explained, such conclusory, unsupported allegations are insufficient.

7

*Sims*, 170 F. App'x at 957 ("Nor can merely alleging recklessness without alleging facts to support the assertion save the claim from dismissal."). Thus, *sua sponte* dismissal pursuant to § 1915(e)(2) is the appropriate course of action. *See id*. at 955–58 (affirming trial court's dismissal of inmate's access to court claim pursuant to § 1915(e)(2) where the inmate had failed to sufficiently allege that the prison officials acted intentionally to slow the processing of his legal mail).

## IV.

In sum, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding

that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**


Date: January 10, 2014                    /s/ *Elizabeth A. Preston Deavers*
                                          Elizabeth A. Preston Deavers
                                          United States Magistrate Judge