```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Damon Shawn Lloyd,

    Plaintiff,

  v.                                Case No. 2:13-cv-1158

Gary Mohr, et al.,

    Defendants.

ORDER

      This is an action under 42 U.S.C. §1983 brought by Damon Shawn Lloyd, a state inmate incarcerated at the Chillicothe Correctional Institution, alleging constitutional violations stemming from the handling of his legal mail. Named as defendants are Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Robin Knabb, South Regional Director of the ODRC; Norm Robinson, Warden of the Chillicothe Correctional Institution ("CCI"); Corby Free, Institutional Inspector at CCI; G. Craft, Chief Inspector of the ODRC; Lieutenant Ball, Supervisor of the mail room at CCI; Tondra Ogier, Cashier at CCI; and Susan Pierce, Cashier Supervisor at CCI.

      Plaintiff alleges in his complaint that on November 21, 2012, he submitted mail (including a notice of appeal) to the prison mail room relating to his appeal to the Ohio Twelfth District Court of Appeals of the state trial court's denial of his motion for a new trial. Complaint, ¶ 6. He completed a cash withdrawal slip in the amount of $6.80, which is attached to the complaint as Exhibit B. It is not dated, but bears a "RECEIVED" stamp bearing the date of November 21, 2012. The stamp itself does not indicate which office received the mail on that date, but plaintiff alleges that he

submitted his mail to the mail room on November 21, 2012, see Complaint, ¶ 6, and also stated in a grievance, Exhibit C, that the slip was stamped by the mail room supervisor.

The facts alleged in the complaint and attached documents indicate that when an inmate tenders mail at the mail room and completes a cash slip, the mail room then sends the slip to the cashier's office, where the cost of postage can be deducted from the inmate's prison account. After the cash slip is processed by the cashier, it is placed in an outgoing box for pickup by the mail room. The mail room then sends the mail out via the postal system. Plaintiff alleges that his cash slip was not processed by the cashier until November 26, 2012. Complaint, ¶ 6. Plaintiff further alleges that his notice of appeal was due thirty days from October 24, 2012, i.e., November 23, 2012. His outgoing mail containing the notice of appeal was postmarked November 27, 2012. It was received by the clerk's office of the Warren County Common Pleas Court in Lebanon, Ohio, on November 29, 2012. As a result, his appeal was dismissed as untimely. Complaint, ¶ 9; Exs. G, H.

Plaintiff submitted an informal complaint resolution against the cashier's office and mail room personnel to Cashier Ogier on December 30, 2012. See Complaint, Ex. A. Ogier responded that because plaintiff had not dated his cash slip, she did not know when plaintiff turned it into the mail room. She further stated that the cashiers received the cash slip from the mail room on November 26, 2012, and they processed it and put it in the outgoing mailbox for the mail room to pick up. She noted that November 22, 2012, was a holiday (Thanksgiving), and November 24th and 25th fell on a weekend, so no mail moved on those days. Ex. A.

2

Plaintiff further alleges that he filed a notification of grievance dated January 5, 2013, complaining about the handling of his legal mail. Complaint, Ex. C. On January 23, 2013, Inspector Free responded to the grievance, noting that plaintiff had not dated his cash slip. Free stated that according to Business Administrator J. McAfee, the cashier's office has three to five days to process cash slips. Free noted that, assuming the slip was turned in on November 21st as plaintiff alleged, it was processed and mailed by the fourth business day after plaintiff submitted it. He advised plaintiff to "be aware in the future there might be more time needed for your mail to be processed around weekends and holidays." He concluded, "All parties involved assured all cash slips and mail are handled in an expeditious manner. Your grievance has been denied." Complaint, Ex. D.

Plaintiff appealed this decision to the office of Chief Inspector Craft, which conducted a review. The decision, dated March 22, 2013, noted that a cash slip in the amount of $6.80 was received by the cashier's office on November 26, 2012. Complaint, Ex. E. The decision further stated that due to the lack of a date on the cash slip, "there cannot be a determination that your legal mail was held beyond time allowed." Ex. E. The decision further concluded that based upon the date the cash slip was received and processed by the cashier's office, his legal mail was delivered within a reasonable time frame. Plaintiff was advised that "[t]o avoid concerns in the future relative to you legal mail meeting deadlines, you should ensure your outgoing mail is processed well in advance of due dates." Ex. E. The decision of Inspector Free was affirmed. Ex. E.

3

Plaintiff subsequently filed the instant action, alleging that he was denied his constitutional right of access to the courts because of defendants' "mishandling, purposefully or negligently, of his legal mail." Complaint, ¶ 5. He seeks monetary damages and injunctive relief. Complaint, ¶ 14. He alleges that his constitutional rights to due process and equal protection were violated, and asks this court to order the Ohio state courts to recognize the prison mailbox rule and to allow his appeal as being timely filed. Complaint, ¶¶ 12, 14-15. He also requests this court to enjoin the defendants from retaliating against him for filing the instant action. Complaint, ¶ 16.

On January 10, 2014, the magistrate judge filed a report and recommendation on the initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge concluded that plaintiff's complaint fails to state a claim upon which relief can be granted, and recommended that this action be dismissed. See Doc. 5, p. 8.

This matter is before the court for consideration of plaintiff's objections (Doc. 9)[1] to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed

---

[1] The court notes that the document entitled "PLAINTIFF'S OBJECTIONS AND MEMORANDUM OF LAW TO MAGISTRATE'S REPORT AND RECOMMENDATION DATED JANUARY 10, 2014" filed as Docket Entry No. 10 is a duplicate copy of Docket Entry No. 9.

4

findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

I. Standards of Review

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to a review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual

5

allegations will not suffice.  Id.  While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2).  Id.

II. Plaintiffs' Claims

A. Violation of Right of Access to Courts Claim

Plaintiff alleges that the failure of the prison mail room and the cashier's office to process his legal mail in a timely manner infringed his First Amendment right to access to courts.  As a general rule, a plaintiff proceeding under §1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. Davidson v. Cannon, 474 U.S. 344, 348 (1986).  Mere negligence is not actionable under §1983. Chesney v. Hill, 813 F.2d 754, 755 (6th Cir. 1987).

Prisoners have a constitutional right of meaningful access to the courts to attack their sentences or challenge conditions of confinement.  Jackson v. Gill, 92 F.App'x 171, 173 (6th Cir. 2004)(citing Lewis v. Casey, 518 U.S. 343, 355 (1996)).  In order to state a claim for interference with access to courts, plaintiff must show actual injury, such as having a case dismissed, being unable to file a complaint, or missing a court-imposed deadline. Harbin-Bey v. Rutter, 420 F.3d 571, 578 (6th Cir. 2005).  The Sixth Circuit has stated in an unreported decision that "a prisoner must

prove that the violation was intentional, not merely negligent." Wojnicz v. Davis, 80 F.App'x 382, 384 (6th Cir. 2003). However, a later Sixth Circuit decision, also unreported, suggests that allegations of recklessness supported by facts might also be sufficient. See Sims v. Landrum, 170 F.App'x 954, 957 (6th Cir. 2006)(noting that "merely alleging recklessness without alleging facts to support the assertion [cannot] save the claim from dismissal."); see also id. at 956 (in assessing whether the right of access to courts has been violated "we ask whether the claimant has demonstrated an 'actual injury,' ... and, if so, whether the claimant has alleged that more than mere negligence by the state actor caused the injury"). The Sixth Circuit in Sims upheld the dismissal of plaintiff's claims under §1915(e)(2), noting that the facts alleged showed at most that the defendant mail room employee acted negligently in processing plaintiff's legal mail, "not that she acted with the intent to deprive Sims of access to the courts." Sims, 170 F.App'x at 957.

In the instant case, the magistrate judge concluded that plaintiff failed to state a plausible §1983 claim because he did not allege facts sufficient to show that any defendant acted with the intent to impede his access to the courts. Plaintiff claims in his objections that the allegations in his complaint are sufficient to allege intentional conduct. Doc. 9, p. 6. Plaintiff complains that the magistrate judge committed error by holding him, a pro se litigant, to a higher pleading standard. Doc. 9, p. 7.

In the report and recommendation, the magistrate judge recognized that pro se complaints are analyzed under less stringent standards than formal pleadings drafted by lawyers. Doc. 5, p. 5.

7

The magistrate judge noted that plaintiff alleged that he was denied access to courts because of defendants' "'mishandling, purposefully or negligently, of his legal mail.'" Doc. 5, p. 7 (quoting Complaint, ¶ 5). However, the magistrate judge also correctly observed that in cases alleging a violation of the right of access to courts, even those filed by prisoners, conclusory allegations of intentional conduct are not sufficient. See Sims, 170 F.App'x at 957 ("Nor can merely alleging recklessness without alleging facts to support the assertion save the claim from dismissal."); Wojnicz, 80 F.App'x at 384 ("Conclusory allegations, unsupported by any material factual allegations, are not sufficient to state a claim under §1983.").

The facts alleged in the complaint and those contained in the documents attached to the complaint show that plaintiff submitted his legal mail to the mail room on November 21, 2012, and that his cash slip was not received by the cashier's office until November 26, 2012. However, this period included a holiday on November 22, 2012, and an intervening weekend on November 24th and 25th, and mail did not move on those days. The package was mailed on November 27, 2012, the day after the cash slip was received by the cashier's office. It was received by the clerk's office of the Warren County Common Pleas Court in Lebanon, Ohio, on November 29, 2012. In responding to plaintiff's grievance, defendant Free noted that the cashier's office has three to five days business days to process cash slips, and that plaintiff's slip was processed and mailed on the fourth business day after it was received. Complaint, Ex. D. In Sims, the Sixth Circuit observed that "[a]dherence to an accepted mail policy cannot establish

8

recklessness or callousness." 170 F.App'x at 957.

The complaint does not identify which mail room or cashier's office employees processed plaintiff's mail on this occasion or which employees were responsible for any delay. The complaint fails to allege facts showing that any prison employees deliberately delayed the processing of plaintiff's mail with the intent to obstruct plaintiff's access to court. The complaint also contains no facts sufficient to demonstrate that the mail room or cashier's employees acted with reckless disregard to his constitutional rights. The cash slip submitted by plaintiff had to move from the mail room to the cashier's office and back to the mail room before his package could be mailed. The facts alleged suggest that the time it took to process plaintiff's legal mail was attributable to the intervening holiday and weekend, and that any delay in mailing the package on November 27th was due, at most, to negligence.

The court also notes that although plaintiff has alleged an injury, namely, the dismissal of his appeal as untimely, the facts alleged are insufficient to show that this injury was caused by any intentional or reckless act of the defendants as opposed to plaintiff's own delay in waiting until November 21, 2012, the day before a holiday, to deliver the notice of appeal to the mail room, when it was required to be filed in the state court by November 23, 2012. The complaint indicates that even over the course of regular business days, plaintiff's package, which was postmarked on November 27th, did not arrive at the clerk's office until November 29th. Even if plaintiff's mail had been processed more expeditiously in time to be mailed on November 23, 2012, the first

9

business day after the mail was tendered, the notice of appeal still would have not reached the clerk's office by the filing deadline.

In his objections, plaintiff argues that the complaint is sufficient to allege intentional conduct. Doc. 9, p. 6. He further alleges that the mail room has engaged in a pattern and practice of delaying legal mail. Doc. 9, p. 7. With his objections, plaintiff has submitted additional grievances concerning the mail room which he filed after the incident at issue in this case, as well as the affidavits of other inmates.

No facts are alleged in the complaint which would support the existence of a pattern or practice of intentional or even reckless delay in processing outgoing inmate mail. The additional grievances and affidavits submitted by plaintiff were not included with his complaint. In any event, they also are insufficient to indicate the existence of an intentional or reckless pattern or practice of delaying outgoing legal mail. Plaintiff's subsequent grievances shed no light on the reason for the delay in processing the legal mail he submitted on November 21, 2012. The affidavit of inmate Raymond Blair says nothing about mail. The grievances of inmate Anthony DeNoma concerning delays in outgoing mail were made while he was incarcerated in another institution, the Southeastern Correctional Institution, not CCI where plaintiff is incarcerated. In some cases, DeNoma's grievances were granted and the mail room staff was given instructions on how to handle legal mail, which contradicts plaintiff's theory that defendants have encouraged a pattern or practice of mishandling mail. Inmate Raymond Dean Austin provided a rambling affidavit which included multiple

complaints, but did not address the timeliness of outgoing mail. He alleged that the cashier's office failed to include certain documents in his outgoing legal mail envelope, but it is not clear whether the cashier's office or the prison library was responsible for this omission.  Inmate Bryan Bates complained about incoming mail which was not delivered to him because the address label did not adequately identify the intended recipient.  Even if these materials are considered in determining the sufficiency of plaintiff's complaint, they fail to supply facts which would save plaintiff's interference with access to court claim.  The magistrate judge correctly determined that plaintiff has failed to state a claim for a violation of his access to courts by the defendants.

The court also finds that plaintiff has failed to allege facts sufficient to allege liability for the access to courts claim on the part of the named defendants.  As indicated above, the complaint does not identify which mail room or cashier's office employees processed his mail on this occasion. With the exception of Cashier Tondra Ogier, the defendants are high-level officials of the ODRC, or occupy supervisory positions at CCI.  The only apparent involvement of defendants Ogier, Free and Craft described in the complaint and attached exhibits was that they decided the various steps of plaintiff's grievances regarding the delay in processing his legal mail tendered on November 21, 2012.

Plaintiff alleges that the individual defendants are liable as supervisors.  However, to assert constitutional claims against individual government officials, "a plaintiff must plead that each Government-official defendant, through the official's own

11

individual actions, has violated the Constitution," and cannot rely on a theory of respondeat superior or vicarious liability. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). In order to establish supervisory liability under §1983, the plaintiff must prove that the defendant, as a supervisory official, was personally responsible for or actively participated in, the alleged unconstitutional actions that caused his injury. <u>Grinter</u>, 532 F.3d at 575. The complaint contains no facts indicating that any of the named defendants had any personal involvement in the handling of plaintiff's mail, or that they encouraged in any way the actions of the persons who did process the mail. The mere fact that an individual defendant denied an inmate's grievance is not sufficient to establish supervisory liability. <u>Id.</u> at 576. Plaintiff's complaint fails to state a claim for a violation of his right to access to courts.

<u>B. Due Process and Equal Protection Claims</u>

Plaintiff has also alleged that his due process and equal protection rights were violated. These allegations concern the dismissal of his appeal by the Ohio court of appeals. Plaintiff cites the prison mailbox rule, which was first announced by the Supreme Court in <u>Houston v. Lack</u>, 487 U.S. 270 (1988), and later incorporated in Fed. R. App. P. 4(c). That rule provides that the filing of a legal document by a prison inmate is deemed to be timely if it is delivered to the institution's internal mail system on or before the last day for filing. Plaintiff requests that the Ohio courts be ordered to apply the prison mailbox rule and to permit plaintiff to pursue his appeal.

The complaint is devoid of any factual allegations describing

12

how any of the named defendants deprived plaintiff of due process or violated his equal protection rights. The named defendants were not responsible for providing him with the process due him in his appeal. No facts are alleged that the named defendants have any control over the application of the prison mailbox rule or the enforcement of filing deadlines by the Ohio courts. The Ohio courts are not parties to this action. In any event, plaintiff's prison mailbox claim fails to state a claim for relief. The Equal Protection Clause requires that similarly situated persons be treated equally by a state. <u>Jackson v. Jamroq</u>, 411 F.3d 615, 618 (6th Cir. 2005). In Ohio, all litigants are required to comply with the time requirements for filing a notice of appeal. Non-incarcerated litigants who use the postal system to send court documents also risk missing filing deadlines if they do not time the mailing of their legal documents with potential mail delays in mind. Plaintiff is not requesting equal treatment; rather, he is requesting a more lenient rule for prison inmates. In addition, courts have concluded that <u>Houston's</u> prison mailbox rule was not based on constitutional requirements, but rather on an interpretation of the word "filed" in the federal rule and statute governing the timeliness of notices of appeal. See <u>Longenett v. Krusinq</u>, 322 F.3d 758, 768 (3d Cir. 2003); <u>Jenkins v. Burtzloff</u>, 69 F.3d 460, 461 (10th Cir. 1995). The Third Circuit has also held that federal courts lack the authority and jurisdiction to order state courts to create a state prison mailbox rule. <u>See Flowers v. Phelps</u>, 514 F.App'x 100, 103-04 (3d Cir. 2013)(any cognizable challenge to Delaware Supreme Court's ruling that prison mailbox rule did not apply in that state must be filed in Delaware's state

13

courts).

Plaintiff's complaint fails to state a cognizable due process or equal protection claim, or a cognizable claim for injunctive relief concerning the application of the prison mailbox rule by Ohio courts.

C. Retaliation

Plaintiff also alleges that after his complaints about the mishandling of his legal mail, he was placed in segregation "to keep him quiet and as an act of [r]etaliation." Complaint, ¶ 16. He requests that this court enjoin defendants from retaliating against him for filing the instant action. However, the retaliation claim is not properly before the court because no facts are alleged indicating that plaintiff has exhausted his administrative remedies as to that claim. A prisoner must exhaust the prison's administrative remedies offered through the prison grievance procedure before filing a claim under §1983. 42 U.S.C. §1997e(a); Cook v. Caruso, 531 F.App'x 554, 561 (6th Cir. 2013). Plaintiff's retaliation allegations fail to state a claim for which relief may be granted.

III. Conclusion

Having reviewed the report and recommendation and plaintiff's objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiff's objections are without merit. For the foregoing reasons, the court overrules plaintiff's objections (Doc. 9), and adopts the magistrate judge's January 10, 2014, report and recommendation (Doc. 5). This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. The clerk shall

14

enter judgement dismissing this case.  Plaintiff's motion for appointment of counsel (Doc. 2) is denied as moot.


Date: March 10, 2014                    s/James L. Graham
                                          James L. Graham
                                          United States District Judge